Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

United States Courts
Southern District of Texas
FILED

SEP 2 2 2015

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| v. | § | CRIMINAL NO. 15 - 512 |
| | § | |
| CHRISTOPHER DONRICK DALEY | § | Counts 1 – 3 (Wire |
| Defendant | § | Fraud, 18 U.S.C. §1343) |
| | § | Count 4 - (Mail Fraud |
| | § | Fraud, 18 U.S.C. §1341) |
| | § | Notice of Forfeiture |

**Filed Under Seal**

INDICTMENT

THE GRAND JURY CHARGES:

Counts One through Three
(Wire Fraud, 18 U.S.C. § 1343)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. **Christopher Donrick Daley**, defendant herein, operated Del-Mair Group LLC in Houston, Texas.

B. THE SCHEME AND ARTIFICE

2. From in or about June 2010, and continuing through in or about November, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

**CHRISTOPHER DONRICK DALEY**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain moneys, funds and credits by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. <u>THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE</u>

3. The scheme and artifice consisted essentially of a plan by defendant to obtain money from individuals throughout the United States by falsely representing that the defendant operated a commodity pool to invest in crude oil futures contracts.

4. It was part of the scheme and artifice that the defendant would and did falsely represent to investors that he would pay investors in his commodity pool a return of at least 20% per month.

5. It was part of the scheme and artifice that defendant would and did falsely represent to his investors that his commodity pool had never had a losing month.

6. It was part of the scheme and artifice that the defendant would and did communicate with investors by and through emails sent from Houston, Texas.

7. It was part of the scheme and artifice to defraud that the defendant would and did cause investors to wire transfer funds to bank accounts controlled by defendant in exchange for participation in the defendant's commodity pool.

8. It was part of the scheme and artifice that the defendant would and did

send false monthly reports to investors.

9. It was part of the scheme and artifice that defendant would and did pay returns to some investors with money received from other investors and not from actual returns earned on the defendant's commodity pool.

10. It was part of the scheme and artifice that defendant would and did use funds received from investors for his own benefit.

D. EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about the dates set out in the counts below, in the Southern District of Texas, and elsewhere, defendant

**CHRISTOPHER DONRICK DALEY,**

for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures and sounds, as described below:

| COUNT | DATE | FROM/TO | TRANSMISSION |
|---|---|---|---|
| Count One | March 2, 2011 | Del-Mair Group LLC to an investor with the initials of JP | Email with February 2011 account statement |
| Count Two | April 6, 2011 | Del-Mair Group LLC to an investor with the initials of DR | Email with March 2011 account statement |
| Count Three | May 2, 2011 | Compass Bank to TC C Service account number ending 2010 at Bank of America | Wire transfer in the amount of $53,400 |

In violation of Title 18, United States Code, Section 1343.

Count Four
(Mail Fraud, 18 U.S.C. § 1341)

A. INTRODUCTION

AT ALL TIMES MATERIAL HEREIN:

1. **Christopher Donrick Daley**, defendant herein, operated Del-Mair Group LLC in Houston, Texas.

B. THE SCHEME AND ARTIFICE

2. From in or about June 2010, and continuing through in or about

4

November, 2011, in the Houston Division of the Southern District of Texas and elsewhere,

### CHRISTOPHER DONRICK DALEY

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain moneys, funds and credits by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE

3. The scheme and artifice consisted essentially of a plan by defendant to obtain money from individuals throughout the United States by falsely representing that the defendant operated a commodity pool to invest in crude oil futures contracts.

4. It was part of the scheme and artifice that the defendant would and did falsely represent to investors that he would pay investors in his commodity pool a return of at least 20% per month.

5. It was part of the scheme and artifice that defendant would and did falsely represent to his investors that his commodity pool had never had a losing month.

6. It was part of the scheme and artifice that the defendant would and did communicate with investors by and through emails sent from Houston, Texas.

7. It was part of the scheme and artifice to defraud that the defendant would

and did cause investors to wire transfer funds to bank accounts controlled by defendant in exchange for participation in the defendant's commodity pool.

8. It was part of the scheme and artifice to defraud that the defendant would and did cause investors to mail checks payable to Del-Mair Group LLC in exchange for participation in the defendant's commodity pool.

9. It was part of the scheme and artifice that the defendant would and did send false monthly reports to investors.

10. It was part of the scheme and artifice that defendant would and did pay returns to some investors with money received from other investors and not from actual returns earned on the defendant's commodity pool.

11. It was part of the scheme and artifice that defendant would and did use funds received from investors for his own benefit.

D. EXECUTION OF THE SCHEME AND ARTIFICE

11. On or about October 4, 2010, in the Southern District of Texas, and elsewhere, defendant

**CHRISTOPHER DONRICK DALEY,**

for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, including the concealment of

material facts, did knowingly cause to be sent and delivered through the United States Postal Service a check in the amount of $45,000 from an investor.

In violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant

### CHRISTOPHER DONRICK DALEY

that upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Counts 1 through 3, and/or a conviction for mail fraud, in violation of Title 18, United States Code, Section 1341, as charged in Count 4, all property which constitutes or is derived from proceeds traceable to such violation shall be forfeited to the United States.

## Property Subject to Forfeiture

Defendant is notified that the property subject to forfeiture includes, but is not limited to, the following property:

Approximately $1,569,797.00 in United States dollars.

## Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## SUBSTITUTE ASSETS

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been placed beyond the jurisdiction of the Court;

    c.    has been transferred or sold to, or deposited with a third party;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section

2461(c).

                                                          A TRUE BILL:

                                                    Original Signature on File
                                       FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
     JOHN R. BRADDOCK
     Assistant United States Attorney