United States District Court
Southern District of Texas
**ENTERED**
May 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Criminal Case No. 4:15-CR-00512 |
| | § | |
| CHRISTOPHER DONRICK DALEY | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Christopher Donrick Daley was convicted by a jury of three counts of wire fraud and one count of mail fraud. He was sentenced in 2017 to 120 months imprisonment on each count, to run concurrently, and ordered to pay $614,950.00 in restitution to his victims. Now pending before the Court are several *pro se* motions filed by Defendant. (Dkt. Nos. 175, 176, 177, 178, 180, 181, 182). For the reasons stated below, all of Defendant's motions are **DENIED**.

### I.     AMENDMENT 821

The Court first considers Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4C1.1, (Dkt. No. 175); Request for Leniency and Sentence Reduction, (Dkt. No. 176); and Request for Emergency Hearing for Motion 18 U.S.C. 3582(c)(2), (Dkt. No. 177). Defendant seeks a sentence reduction under retroactive Part B of Amendment 821 to the United States Sentencing Guidelines, which created a new guideline that provides for a decrease of two offense levels for offenders with zero criminal history points whose offense did not involve specific aggravating factors. *See* U.S.S.G. § 4C1.1. Because Defendant has already served his term of imprisonment, his motions under Amendment 821 are moot. Even if his motions were not moot, Defendant

is not eligible for a sentence reduction under Amendment 821 because he received one criminal history point.

## II. CORAM NOBIS / AUDITA QUERELA

Defendant has also filed an Emergency Motion for a Writ[] of Error Coram Nobis, or in the Alternative a Writ[] of Audit[a] Querela Pursuant to the All Writs Act 28 U.S.C. 1651(A). (Dkt. No. 178).

### A. BACKGROUND

Defendant states that, on the day he was being discharged from a halfway house after completing his term of imprisonment, he was taken into custody by the Department of Homeland Security (DHS) on an immigration detainer. A lawful permanent resident from Jamaica, Defendant says that he was unaware of the immigration detainer or of DHS's intent to deport him to Jamaica based on his conviction in the case and the Court's loss determination of more than $10,000.

Seeking to avoid deportation, Defendant now moves the Court to vacate, set aside, or correct the judgment and/or order a new trial on the following grounds: (1) the Court erred by constructively amending the indictment and instructing the jury they could convict on the use of a "phone call" instead of an "email" as the indictment read; (2) trial counsel was ineffective for: failing to advise Defendant of the immigration consequences of his conviction, failing to subject the Government's case to meaningful adversarial testing, and abandoning Defendant at sentencing; (3) sentencing counsel was ineffective for failing to challenge the Presentence Investigation Report; and (4) the Government failed to prove a mail fraud violation. Defendant previously filed a motion under 28

U.S.C. § 2255 alleging ineffective assistance of pretrial counsel, trial counsel, sentencing counsel, and appellate counsel. (Dkt. No. 126). The Court denied the Section 2255 motion, Defendant's motion to reconsider, and his request for a certificate of appealability. (*See* Dkt. Nos. 127, 128, 133, 145).

### B.   LEGAL STANDARD

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." *United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (citation omitted). It is available only in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal conviction[] and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989). The Supreme Court has emphasized the rarity with which *coram nobis* will issue, stating that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)). A writ of *coram nobis* "will issue only when no other remedy is available and when 'sound reasons exist for failure to seek appropriate earlier relief.'" *United States v. Dyer,* 136 F.3d 417, 422 (5th Cir.1998) (quoting *United States v. Morgan,* 346 U.S. 502, 512 (1954)).

The writ of *audita querela* "permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010).

3

Like *coram nobis*, the writ of *audita querela* is only available for complaints that cannot be redressed by any other means. *Id.*; *United States v. Miller*, 599 F.3d 484, 488 (5th Cir. 2010).

    **C.**    **ANALYSIS**

"As a preliminary matter, the Court notes that a petition for writ of *coram nobis* is the proper vehicle for [Defendant] to assert the claims he now raises. Although they are claims that would typically be asserted in a § 2255 motion, [Defendant] may not file such a motion before this Court because he is no longer 'in custody' pursuant to a conviction in this Court." *United States v. Boyd*, 2006 WL 3044467, at *2 (S.D. Tex. Oct. 23, 2006) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (district court had jurisdiction over *coram nobis* petition where defendant "filed his petition in the court of his conviction, faces the collateral consequence of possible deportation, and is no longer serving his sentence for his federal conviction")). "Thus, the Court must address whether [Defendant] has shown that 'sound reasons' exist for his failure to seek earlier relief, and whether he has shown that the failure to grant his petition would result in a complete miscarriage of justice." *Id.*

Defendant argues that the basis for his claim regarding pretrial counsel's failure to advise him of the immigration consequences of his conviction, as required by *Padilla v. Kentucky*, 559 U.S. 356 (2010), did not arise until he was detained by DHS and removal proceedings were instituted against him; as such, he could not have brought this claim under 28 U.S.C. § 2255.

In a similar case in this district, the defendant sought to set aside his conviction because his counsel was ineffective for, among other things, "failing to advise him of the

4

immigration consequences of proceeding to trial." *Espinoza v. United States*, 2012 WL 3100465, at *4 (S.D. Tex. July 30, 2012). In rejecting the defendant's contention, the court wrote:

> Espinoza's reliance upon *Padilla v. Kentucky* is misplaced. The *Padilla* Court held only that a defendant must be informed about the removal consequences of accepting a plea, reasoning that the acceptance was not truly voluntary without that knowledge. Here, Espinoza was not prejudiced by involuntarily accepting a guilty plea for the simple reason that he did not accept a guilty plea at all: Espinoza was convicted by a jury after a trial.

*Id.* (internal citations omitted).

Like Espinoza, Defendant "did not plead guilty; thus, his trial counsel was not remiss in failing to tell him a guilty plea could result in his deportation." *See Maxwell v. United States*, 2011 WL 5870041, at *3 (D. Md. Nov. 21, 2011) (finding "no basis to issue the extraordinary relief contemplated by the writ of error *coram nobis*" where defendant could "not establish he was prejudiced by the alleged deficiency"). Because Defendant cannot show that he was prejudiced by counsel's alleged failure to advise him of the immigration consequences of a jury conviction, he is not entitled to relief on this claim.

The facts giving rise to Defendant's remaining claims occurred during the original proceedings, and he has failed to "provide 'sound reasons' for his failure to seek permission to assert the claims alleged in his *coram nobis* petition in a successive petition under 28 U.S.C. § 2255 while he was still in custody." *See Esogbue*, 357 F.3d at 535. "An assertion that he would have been unable to satisfy the stringent standards for filing a successive § 2255 motion while he was in custody is not such a 'sound reason.'" *Id.* (citing

5

*Godoski v. United States,* 304 F.3d 761, 763 (7th Cir. 2002) ("*coram nobis* is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress"); *Matus–Leva v. United States,* 287 F.3d 758, 761 (9th Cir. 2002) ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."). Because Defendant could have brought his remaining claims—and in fact did bring many of them—under 28 U.S.C. § 2255, the writ of *audita querela* is similarly unavailable to him. *See Banda*, 1 F.3d at 356; *United States v. Mason,* 131 Fed. App'x 440 (5th Cir. 2005); *Clark v. United States,* 112 Fed. App'x 368 (5th Cir. 2005).

Accordingly, Defendant's Emergency Motion for a Writ of Error Coram Nobis, or in the Alternative a Writ of Audita Querela Pursuant to the All Writs Act 28 U.S.C. 1651(A), (Dkt. No. 178), is denied.

### III. MOTIONS FOR STAY, TRANSCRIPTS, IFP

Finally, Defendant has filed a Request for the Issuance of a Stay Pending the Resolution of Defendant's Pending Motion in this Court, Also Seeking an Order for the Release of Courts Reporter Unedited Version of Trial Transcript and to Proceed in Forma Pauperis, (Dkt. No. 180); Motion for Leave to Request an Expedited Emergency Stay Order, (Dkt. No. 181); and Application to Proceed without Prepayment of Fees, (Dkt. No. 182). Defendant states that he is currently in DHS custody awaiting deportation and seeks an emergency stay of his removal proceedings pending the outcome of his motion for a

writ of error *coram nobis/audita querala*. He further requests a certified copy of the unedited trial transcript, claiming that part of the trial testimony of a Government witness is missing in the edited transcript and that this testimony is essential to several of his claims raised in the motion. Because Defendant's motion for a writ of error *coram nobis/audita querela* is denied, these related motions are now moot.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4C1.1, (Dkt. No. 175); Request for Leniency and Sentence Reduction, (Dkt. No. 176); Request for Emergency Hearing for Motion 18 U.S.C. § 3582(c)(2), (Dkt. No. 177); Emergency Motion for a Writ[] of Error Coram Nobis, or in the Alternative a Writs of Audit[a] Querela Pursuant to the All Writs Act 28 U.S.C. § 1651(A), (Dkt. No. 178); Request for the Issuance of a Stay Pending the Resolution of Defendant's Pending Motion in this Court, Also Seeking an Order for the Release of Courts Reporter Unedited Version of Trial Transcript and to Proceed in Forma Pauperis, (Dkt. No. 180); Motion for Leave to Request an Expedited Emergency Stay Order, (Dkt. No. 181); and Application to Proceed without Prepayment of Fees, (Dkt. No. 182), are **DENIED**.

It is SO ORDERED.

Signed on May 22, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**